1  LEONARDO M. RAPADAS
   United States Attorney
2  ERIC S. O'MALLEY
   Assistant United States Attorney
3  DISTRICT OF THE
         NORTHERN MARIANA ISLANDS
4  Horiguchi Building, Third Floor
   P.O. Box 500377
5  Saipan, MP 96950

6  Telephone:    (670) 236-2980
   Fax:          (670) 236-2985
7

8            UNITED STATES DISTRICT COURT
             NORTHERN MARIANA ISLANDS

9  _____

10                                    )    Case No.:  07-00019
                                      )
11  UNITED STATES OF AMERICA,         )
                                      )
12                    Plaintiff,      )    **GOVERNMENT'S PROPOSED**
                                      )    **JURY INSTRUCTIONS**
13            v.                      )
                                      )    Jury Trial:  September 10, 2007
14                                    )    Time:        1:30 p.m.
    SAMUEL RAYBURN,                   )    Judge:       Hon. Alex R. Munson
15                                    )
                      Defendant.      )
16  _____)

17

18

19

20          The United States hereby submits its proposed jury instructions in the above-referenced

21  case.

22                                         Respectfully Submitted,

23                                         LEONARDO M. RAPADAS
24                                         United States Attorney

25

26                                         _____
                                           ERIC S. O'MALLEY
27                                         Assistant U.S. Attorney

28

# TABLE OF CONTENTS

1.    FUNCTION OF JURY

2.    THE UNITED STATES AS A PARTY

3.    INDICTMENT IS NOT EVIDENCE

4.    RIGHT NOT TO TESTIFY

5.    PRESUMPTION OF INNOCENCE

6.    BURDEN OF PROOF

7.    REASONABLE DOUBT:  DEFINITION

8.    EVIDENCE:  WHAT IS EVIDENCE

9.    EVIDENCE:  WHAT IS NOT EVIDENCE

10.   EVIDENCE:  DIRECT AND CIRCUMSTANTIAL

11.   CONSIDERATION OF THE EVIDENCE

12.   EVIDENCE:  PRIOR INCONSISTENT STATEMENTS

13.   EVIDENCE:  STATEMENTS BY DEFENDANT

14.   EVIDENCE:  EXPERT WITNESS

15.   EVIDENCE:  OTHER CRIMES

16.   TRIAL ON CHARGES IN INDICTMENT

17.   CHARGES IN THE INDICTMENT: CONSPIRACY

18.   CONSPIRACY:  ELEMENTS OF THE OFFENSE

19.   CONSPIRACY:  NATURE OF CONSPIRACY

20.   CONSPIRACY:  NATURE OF AGREEMENT

21.   CONSPIRACY:  MEMBERSHIP

**22.   CONSPIRACY:  DURATION AND NATURE OF PARTICIPATION**

**23.   CONSPIRACY:  OBJECT OF CONSPIRACY**

**24.   CONSPIRACY:  MULTIPLE OBJECTS**

**25.   CONSPIRACY:  AS CHARGED IN THE INDICTMENT**

**26.   CONSPIRACY:  LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR**

**27.   CHARGES IN THE INDICTMENT:  DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**

**28.   CHARGES:  COUNTS 2 AND 3 OF THE INDICTMENT**

**29.   POSSESSION WITH INTENT TO DISTRIBUTE: ELEMENTS OF THE OFFENSE**

**30.   DISTRIBUTION:  ELEMENTS OF THE OFFENSE**

**31.   POSSESSION:  DEFINITION**

**32.   KNOWINGLY:  DEFINITION**

**33.   AIDING AND ABETTING:  DEFINITION**

**34.   EACH COUNT A SEPARATE CRIME**

**35.   ON OR ABOUT:   DEFINITION**

**36.   CONDUCT OF DELIBERATIONS**

**37.   JUROR NOTES**

**38.   PUNISHMENT IRRELEVANT**

**39.   BASIS OF VERDICT**

**40.   VERDICT FORM**

**41.   COMMUNICATION WITH THE COURT**

**1.  FUNCTION OF JURY**

1

**MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL THE EVIDENCE, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW WHICH APPLIES TO THIS CASE.  A COPY OF THESE INSTRUCTIONS WILL BE AVAILABLE IN THE JURY ROOM FOR YOU TO CONSULT.**

**IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THE CASE. TO THOSE FACTS YOU WILL APPLY THE LAW AS I GIVE IT TO YOU. YOU MUST FOLLOW THE LAW AS I GIVE IT TO YOU WHETHER YOU AGREE WITH IT OR NOT. AND YOU MUST NOT BE INFLUENCED BY ANY PERSONAL LIKES OR DISLIKES, OPINIONS, PREJUDICES, OR SYMPATHY. THAT MEANS THAT YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE BEFORE YOU. YOU WILL RECALL THAT YOU TOOK AN OATH PROMISING TO DO SO AT THE BEGINNING OF THE CASE.**

**IN FOLLOWING MY INSTRUCTIONS, YOU MUST FOLLOW ALL OF THEM AND NOT SINGLE OUT SOME AND IGNORE OTHERS; THEY ARE ALL EQUALLY IMPORTANT. YOU MUST NOT READ INTO THESE INSTRUCTIONS OR INTO ANYTHING THE COURT MAY HAVE SAID OR DONE ANY SUGGESTION AS TO WHAT VERDICT YOU SHOULD RETURN -- THAT IS A MATTER ENTIRELY UP TO YOU.**

**2.  THE UNITED STATES AS A PARTY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**YOU ARE TO PERFORM THE DUTY OF FINDING THE FACTS WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY. YOU ARE TO PERFORM YOUR FINAL DUTY IN AN ATTITUDE OF COMPLETE FAIRNESS AND IMPARTIALITY. THE CASE IS IMPORTANT TO THE GOVERNMENT BECAUSE THE ENFORCEMENT OF CRIMINAL LAWS IS A MATTER OF PRIME IMPORTANCE TO THE COMMUNITY. EQUALLY, IT IS IMPORTANT TO THE DEFENDANT WHO IS CHARGED WITH SERIOUS CRIMES. THE FACT THAT THE PROSECUTION IS BROUGHT IN THE NAME OF THE UNITED STATES OF AMERICA ENTITLES THE GOVERNMENT TO NO GREATER CONSIDERATION THAN THAT ACCORDED TO ANY OTHER PARTY TO A LITIGATION. BY THE SAME TOKEN, IT IS ENTITLED TO NO LESS CONSIDERATION. ALL PARTIES, WHETHER THE GOVERNMENT OR INDIVIDUALS, STAND AS EQUALS AT THE BAR OF JUSTICE.**

**3. INDICTMENT IS NOT EVIDENCE**

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THE INDICTMENT IS NOT EVIDENCE. THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGE.  THE DEFENDANT IS PRESUMED TO BE INNOCENT AND DOES NOT HAVE TO TESTIFY OR PRESENT ANY EVIDENCE TO PROVE INNOCENCE. THE GOVERNMENT HAS THE BURDEN OF PROVING EVERY ELEMENT OF THE CHARGE BEYOND A REASONABLE DOUBT.**

**4.  RIGHT NOT TO TESTIFY**

1

2    **A DEFENDANT IN A CRIMINAL CASE HAS A CONSTITUTIONAL RIGHT**

3
4    **NOT TO TESTIFY.   NO PRESUMPTION OF GUILT MAY BE RAISED, AND NO**

5    **INFERENCE OF ANY KIND MAY BE DRAWN, FROM THE FACT THAT THE**

6    **DEFENDANT DID NOT TESTIFY.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

## 5.   PRESUMPTION OF INNOCENCE

4

5

6     AS I TOLD YOU AT THE OUTSET OF THE TRIAL, THIS IS A CRIMINAL

7   CASE IN WHICH THE DEFENDANT IS CHARGED WITH VIOLATING CERTAIN

8   LAWS OF THE UNITED STATES.  THE CHARGES, HOWEVER, ARE ONLY

9   ALLEGATIONS.   THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THOSE

10  CHARGES UNLESS AND UNTIL YOU, THE JURY, FIND BEYOND A REASONABLE

11  DOUBT THAT DEFENDANT IS GUILTY OF ANY OFFENSE ALLEGED IN THE

12  INDICTMENT.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**6.  BURDEN OF PROOF**

IN A CRIMINAL CASE, THE GOVERNMENT ALWAYS HAS THE BURDEN OF PROOF.  TO OVERCOME THE PRESUMPTION OF INNOCENCE AND PROVE THE DEFENDANT GUILTY OF AN OFFENSE, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT EACH AND EVERY ELEMENT OF THAT OFFENSE AS CHARGED IN THE INDICTMENT.

## 7.  REASONABLE DOUBT:   DEFINITION

PROOF BEYOND A REASONABLE DOUBT IS PROOF THAT LEAVES YOU FIRMLY CONVINCED THAT THE DEFENDANT IS GUILTY.  IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.

A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON SENSE AND IS NOT BASED PURELY ON SPECULATION.  IT MAY ARISE FROM A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, OR FROM LACK OF EVIDENCE.

IF, AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT NOT GUILTY.  ON THE OTHER HAND, IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT GUILTY.

**8.  EVIDENCE:   WHAT IS EVIDENCE**


**THE EVIDENCE FROM WHICH YOU ARE TO DECIDE THE FACTS OF THIS CASE ARE:**

1.      **THE SWORN TESTIMONY OF ANY WITNESS**

2.      **THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO EVIDENCE;**

3.      **ANY FACTS TO WHICH THE LAWYERS HAVE STIPULATED;  AND**

4.      **ANY FACTS OF WHICH THE COURT HAS TAKEN JUDICIAL NOTICE.**

## 9.  EVIDENCE:   WHAT IS NOT EVIDENCE


IN REACHING YOUR VERDICT, YOU MAY CONSIDER ONLY THE EVIDENCE THAT THE COURT HAS RECEIVED, THAT IS, THE TESTIMONY, EXHIBITS, AND ANY STIPULATIONS.  CERTAIN THINGS, HOWEVER, ARE NOT EVIDENCE AND YOU MAY NOT CONSIDER THEM IN DECIDING THE FACTS.  I WILL LIST THEM FOR YOU:


1.      ARGUMENTS AND STATEMENTS BY LAWYERS ARE NOT EVIDENCE. THE LAWYERS ARE NOT WITNESSES. WHAT THEY SAY IN THEIR OPENING STATEMENTS, CLOSING ARGUMENTS, AND AT OTHER TIMES IS INTENDED TO HELP YOU INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE. IF THE FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE LAWYERS STATE THEM, YOUR MEMORY OF THEM CONTROLS.


2.      QUESTIONS AND OBJECTIONS BY LAWYERS ARE NOT EVIDENCE. ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER UNDER THE RULES OF EVIDENCE. YOU SHOULD NOT BE INFLUENCED BY THE QUESTION, THE OBJECTION, OR THE COURT'S RULING ON IT.

**3.     TESTIMONY THAT HAS BEEN EXCLUDED OR STRICKEN, OR THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD, IS NOT EVIDENCE AND MUST NOT BE CONSIDERED.   IN ADDITION, SOME TESTIMONY AND EXHIBITS HAVE BEEN RECEIVED ONLY FOR A LIMITED PURPOSE; WHERE I HAVE GIVEN A LIMITING INSTRUCTION, YOU MUST FOLLOW IT.**


**4.     ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT WAS NOT IN SESSION IS NOT EVIDENCE. YOU ARE TO DECIDE THE CASE SOLELY ON THE EVIDENCE RECEIVED AT THE TRIAL.**

1

2

### 10.  EVIDENCE:   DIRECT AND CIRCUMSTANTIAL

3

**THERE ARE TWO KINDS OF EVIDENCE, DIRECT AND CIRCUMSTANTIAL. DIRECT EVIDENCE IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY OF AN EYEWITNESS. CIRCUMSTANTIAL EVIDENCE IS INDIRECT EVIDENCE, THAT IS, PROOF OF A CHAIN OF FACTS FROM WHICH YOU COULD FIND THAT ANOTHER FACT EXISTS, EVEN THOUGH IT HAS NOT BEEN PROVED DIRECTLY. YOU ARE TO CONSIDER BOTH KINDS OF EVIDENCE. THE LAW PERMITS YOU TO GIVE EQUAL WEIGHT TO BOTH, BUT IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 11.  CONSIDERATION OF THE EVIDENCE

IN DECIDING THE FACTS IN THIS CASE, YOU MAY HAVE TO DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE. YOU MAY BELIEVE EVERYTHING A WITNESS SAYS, OR PART OF IT, OR NONE OF IT.

IN CONSIDERING THE TESTIMONY OF ANY WITNESS, YOU MAY TAKE INTO ACCOUNT:

1)      THE OPPORTUNITY AND ABILITY OF THE WITNESS TO SEE OR HEAR OR KNOW THE THINGS TESTIFIED TO;

2)      THE WITNESS' MEMORY;

3)      THE WITNESS' MANNER WHILE TESTIFYING;

4)      THE WITNESS' INTEREST IN THE OUTCOME OF THE CASE AND ANY BIAS OR PREJUDICE;

5)      WHETHER OTHER EVIDENCE CONTRADICTED THE WITNESS' TESTIMONY;

6)      THE REASONABLENESS OF THE WITNESS' TESTIMONY IN LIGHT OF ALL THE EVIDENCE; AND

7)      ANY OTHER FACTORS THAT BEAR ON BELIEVABILITY.


THE WEIGHT OF THE EVIDENCE AS TO A FACT DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY.


12.  EVIDENCE:  PRIOR INCONSISTENT STATEMENTS

1

2    **YOU HAVE HEARD EVIDENCE THAT CERTAIN WITNESSES GAVE OR**

3

4    **MADE PRIOR STATEMENTS WHICH MAY HAVE BEEN INCONSISTENT WITH**

5    **TESTIMONY GIVEN DURING TRIAL.  YOU MAY CONSIDER THIS EVIDENCE,**

6    **ALONG WITH OTHER EVIDENCE YOU FIND PERTINENT, IN DECIDING**

7    **WHETHER OR NOT TO BELIEVE THE WITNESS AND HOW MUCH WEIGHT TO**

8    **GIVE THE TESTIMONY OF THAT WITNESS.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    **13.   EVIDENCE:   STATEMENTS BY DEFENDANT**

28

13

YOU HAVE HEARD TESTIMONY THAT THE DEFENDANT MADE CERTAIN STATEMENTS.  IT IS FOR YOU TO DECIDE

1) WHETHER THE DEFENDANT MADE ANY STATEMENT; AND

2) IF SO, HOW MUCH WEIGHT TO GIVE IT.


IN MAKING THOSE DECISIONS, YOU SHOULD CONSIDER ALL OF THE EVIDENCE ABOUT THE STATEMENT, INCLUDING THE CIRCUMSTANCES UNDER WHICH IT MAY HAVE BEEN MADE.

1

2

**14.  EVIDENCE:   EXPERT WITNESS**

3

4

5

6

7

8

9

10

11

12

**YOU HAVE HEARD TESTIMONY FROM A PERSON WHO, BECAUSE OF EDUCATION OR EXPERIENCE, IS PERMITTED TO STATE OPINIONS AND THE REASONS FOR THEM.**

**OPINION TESTIMONY SHOULD BE JUDGED JUST LIKE ANY OTHER TESTIMONY.  YOU MAY ACCEPT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS'S EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR THE OPINION, AND ALL OTHER EVIDENCE IN THE CASE.**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**15.  EVIDENCE:   OTHER CRIMES**


**YOU HAVE HEARD EVIDENCE OF OTHER CRIMES, ACTS AND WRONGS ENGAGED IN BY THE DEFENDANT. YOU MAY CONSIDER THAT EVIDENCE ONLY AS IT BEARS ON THE DEFENDANT'S  INTENT, PLAN, KNOWLEDGE, IDENTITY, ABSENCE OF MISTAKE OR ACCIDENT AND FOR NO OTHER PURPOSE.**

1

### 16.   TRIAL ON CHARGES IN INDICTMENT

2

3

4

**THE DEFENDANT IS ON TRIAL ONLY FOR THE CRIMES CHARGED IN THE INDICTMENT, NOT FOR ANY OTHER ACTIVITIES.**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 17.   CHARGES IN THE INDICTMENT:   CONSPIRACY

1

2

3      TITLE 21, UNITED STATES CODE, SECTION 841(a)(1), IN PERTINENT PART,

4  MAKES IT UNLAWFUL FOR ANY PERSON KNOWINGLY OR INTENTIONALLY --

5      "TO ... DISTRIBUTE ... OR POSSESS WITH INTENT TO ... DISTRIBUTE ... A

6  CONTROLLED SUBSTANCE."

7

8

9      IN ADDITION, UNDER TITLE 21, UNITED STATES CODE, SECTION 846:

10     "ANY PERSON WHO ATTEMPTS OR CONSPIRES TO COMMIT ANY

11  OFFENSE DEFINED IN [TITLE 21]..." SHALL BE GUILTY OF AN OFFENSE

12  AGAINST THE UNITED STATES.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28          **18.  CONSPIRACY:  ELEMENTS OF THE OFFENSE**

18

**COUNT 1 OF THE INDICTMENT CHARGES ALL OF THE DEFENDANTS WITH CONSPIRACY TO COMMIT OFFENSES AGAINST THE UNITED STATES, IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 846. IN ORDER FOR A DEFENDANT TO BE FOUND GUILTY OF THE CHARGE OF CONSPIRACY, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:**

**<u>FIRST</u>, BEGINNING ON OR ABOUT MAY 25, 2007 AND CONTINUING UNTIL ON OR ABOUT MAY 30, 2007, THERE WAS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO COMMIT OFFENSES AGAINST THE UNITED STATES BY POSSESSING WITH INTENT TO DISTRIBUTE AND DISTRIBUTING A CONTROLLED SUBSTANCE, THAT IS, METHAMPHETAMINE IN THE FORM COMMONLY KNOWN AS "ICE" AND**

**<u>SECOND</u>, THE DEFENDANT WAS OR BECAME A MEMBER OF THE CONSPIRACY KNOWING OF AT LEAST ONE OF ITS OBJECTIVES AND INTENDING TO HELP ACCOMPLISH IT.**

**I SHALL DISCUSS WITH YOU BRIEFLY THE LAW RELATING TO EACH OF THESE ELEMENTS.**

## 19.   CONSPIRACY:   NATURE OF CONSPIRACY

**A CONSPIRACY IS A KIND OF CRIMINAL PARTNERSHIP—AN AGREEMENT OF TWO OR MORE PERSONS TO COMMIT ONE OR MORE CRIMES. THE CRIME OF CONSPIRACY IS THE AGREEMENT TO DO SOMETHING UNLAWFUL; IT DOES NOT MATTER WHETHER THE CRIME AGREED UPON WAS COMMITTED.**

**20.   CONSPIRACY:   NATURE OF AGREEMENT**


**FOR A CONSPIRACY TO HAVE EXISTED, IT IS NOT NECESSARY THAT THE CONSPIRATORS MADE A FORMAL AGREEMENT OR THAT THEY AGREED ON EVERY DETAIL OF THE CONSPIRACY.  IT IS NOT ENOUGH, HOWEVER, THAT THEY SIMPLY MET, DISCUSSED MATTERS OF COMMON INTEREST, ACTED IN SIMILAR WAYS, OR PERHAPS HELPED ONE ANOTHER.  YOU MUST FIND THAT, AS ALLEGED IN THE INDICTMENT, THERE WAS A PLAN TO POSSESS WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE, TO DISTRIBUTE A CONTROLLED SUBSTANCE, OR BOTH, AS THE OBJECTS OF THE CONSPIRACY.**

**IN ADDITION, FOR YOU TO FIND THAT A CONSPIRACY EXISTED, ALL OF YOU MUST AGREE:**

**FIRST, THAT EITHER OR BOTH OF THESE OFFENSES WERE THE UNLAWFUL OBJECTS THAT THE CONSPIRATORS AGREED TO ACCOMPLISH; AND SECOND, AS TO THE PERSON OR PERSONS WITH WHOM THE DEFENDANT CONSPIRED.**

**21.  CONSPIRACY:  MEMBERSHIP**


**ONE BECOMES A MEMBER OF A CONSPIRACY BY KNOWINGLY AND INTENTIONALLY PARTICIPATING IN THE UNLAWFUL PLAN WITH THE INTENT TO ADVANCE OR FURTHER SOME OBJECT OR PURPOSE OF THE CONSPIRACY, EVEN THOUGH THE PERSON DOES NOT HAVE FULL KNOWLEDGE OF ALL THE DETAILS OF THE CONSPIRACY.  FURTHERMORE, ONE WHO KNOWINGLY AND INTENTIONALLY JOINS AN EXISTING CONSPIRACY IS AS RESPONSIBLE FOR IT AS THE ORIGINATORS.**

**ON THE OTHER HAND, ONE WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT HAPPENS TO ACT IN A WAY WHICH FURTHERS SOME OBJECT OR PURPOSE OF THE CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.  SIMILARLY, A PERSON DOES NOT BECOME A CONSPIRATOR MERELY BY ASSOCIATING WITH ONE OR MORE PERSONS WHO ARE CONSPIRATORS, KNOWING OF THE EXISTENCE OF THE CONSPIRACY, BEING PRESENT WHERE A CRIME TAKES PLACE OR IS DISCUSSED, HAVING KNOWLEDGE OF CRIMINAL CONDUCT OR APPROVING OF THE CONSPIRACY.**

**22.  CONSPIRACY:  DURATION AND NATURE OF PARTICIPATION**

A CONSPIRACY MAY CONTINUE FOR A LONG PERIOD OF TIME AND MAY INCLUDE THE PERFORMANCE OF MANY TRANSACTIONS.  IT IS NOT NECESSARY THAT ALL MEMBERS OF THE CONSPIRACY JOIN IT AT THE SAME TIME, AND ONE MAY BECOME A MEMBER OF A CONSPIRACY WITHOUT FULL KNOWLEDGE OF ALL THE DETAILS OF THE UNLAWFUL SCHEME OR THE NAMES, IDENTITIES, OR LOCATIONS OF ALL OF THE OTHER MEMBERS.

EVEN THOUGH A DEFENDANT MAY NOT HAVE DIRECTLY CONSPIRED WITH THE OTHER CONSPIRATORS IN THE OVERALL SCHEME, THE DEFENDANT HAS, IN EFFECT, AGREED TO PARTICIPATE IN THE CONSPIRACY IF IT IS PROVED BEYOND A REASONABLE DOUBT THAT:

1.    THE DEFENDANT DIRECTLY CONSPIRED WITH ONE OR MORE CONSPIRATORS TO CARRY OUT AT LEAST ONE OF THE OBJECTS OF THE CONSPIRACY; AND

2.    THE DEFENDANT KNEW OR HAD REASON TO KNOW THAT OTHER CONSPIRATORS WERE INVOLVED WITH THOSE WITH WHOM THE DEFENDANT DIRECTLY CONSPIRED.

IT IS NO DEFENSE THAT A PERSON'S PARTICIPATION IN A CONSPIRACY WAS MINOR OR FOR A SHORT PERIOD OF TIME.

### 23.   CONSPIRACY:   OBJECT OF CONSPIRACY


COUNT ONE OF THE INDICTMENT CHARGES THAT THE DEFENDANT CONSPIRED TO POSSESS WITH INTENT TO DISTRIBUTE AND TO DISTRIBUTE A CONTROLLED SUBSTANCE, THAT IS, METHAMPHETAMINE IN THE FORM COMMONLY KNOWN AS "ICE," IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 846.

TO PROVE THE CONSPIRACY ALLEGED IN THE INDICTMENT, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT INTENDED AND AGREED TO COMMIT THE SUBSTANTIVE OFFENSE OF POSSESSING WITH INTENT TO DISTRIBUTE OR DISTRIBUTING A CONTROLLED SUBSTANCE.

THE GOVERNMENT DOES NOT NEED TO PROVE THAT THE DEFENDANT ACTUALLY AND PHYSICALLY  POSSESSED THE CONTROLLED SUBSTANCE; THE GOVERNMENT MUST PROVE ONLY THAT THE DEFENDANT CONSPIRED TO DO SO WITH THE INTENT TO DISTRIBUTE IT ONCE IN HIS OR HER POSSESSION.

IT DOES NOT MATTER WHETHER THE DEFENDANT KNEW THAT THE SUBSTANCE WAS METHAMPHETAMINE.  IT IS SUFFICIENT THAT THE DEFENDANT KNEW THAT IT WAS SOME KIND OF A PROHIBITED DRUG.

**24.  CONSPIRACY:  MULTIPLE OBJECTS**

A CONSPIRACY MAY HAVE MORE THAN ONE OBJECT.  COUNT ONE OF THE INDICTMENT ALLEGES THAT DEFENDANT CONSPIRED BOTH TO POSSESS WITH INTENT TO DISTRIBUTE AND TO DISTRIBUTE A CONTROLLED SUBSTANCE IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 846.

IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE BOTH OBJECTS OF THE CONSPIRACY.  IT IS SUFFICIENT IF THE GOVERNMENT PROVES ONLY ONE OF THE OBJECTS ALLEGED IN THE INDICTMENT.  THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, HOWEVER, THAT THE DEFENDANT CONSPIRED TO COMMIT AT LEAST <u>ONE</u> OF THE OBJECTS ALLEGED IN THE INDICTMENT AND, BEFORE YOU MAY FIND THE DEFENDANT GUILTY OF THE OFFENSE OF CONSPIRACY, ALL OF YOU MUST BE UNANIMOUS AS TO WHICH OBJECT OR OBJECTS, IF ANY, THE DEFENDANT CONSPIRED TO COMMIT.

### 25.  CONSPIRACY:  AS CHARGED IN THE INDICTMENT

YOU MUST DECIDE WHETHER THE CONSPIRACY CHARGED IN THE INDICTMENT EXISTED, AND, IF IT DID, WHO AT LEAST SOME OF ITS MEMBERS WERE.  IF YOU FIND THAT THE CONSPIRACY CHARGED DID NOT EXIST, THEN YOU MUST RETURN A NOT GUILTY VERDICT ON THAT CHARGE, EVEN THOUGH YOU MAY FIND THAT SOME OTHER CONSPIRACY EXISTED. SIMILARLY, IF YOU FIND THAT ANY DEFENDANT WAS NOT A MEMBER OF THE CHARGED CONSPIRACY, THEN YOU MUST FIND THAT DEFENDANT NOT GUILTY, EVEN THOUGH THAT DEFENDANT MAY HAVE BEEN A MEMBER OF SOME OTHER CONSPIRACY.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**26.  CONSPIRACY:  LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR**

EACH MEMBER OF THE CONSPIRACY IS RESPONSIBLE FOR THE ACTIONS OF THE OTHER CONSPIRATORS PERFORMED DURING THE COURSE AND IN FURTHERANCE OF THE CONSPIRACY.  IF ONE MEMBER OF A CONSPIRACY COMMITS A CRIME IN FURTHERANCE OF A CONSPIRACY, THE OTHER MEMBERS HAVE ALSO, UNDER THE LAW, COMMITTED THAT CRIME.

THEREFORE, YOU MAY FIND THE DEFENDANT GUILTY OF DISTRIBUTING ICE, AS CHARGED IN COUNTS II AND III OF THE SUPERSEDING INDICTMENT IF THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

1.    A PERSON NAMED IN COUNTS II OR III OF THE INDICTMENT COMMITTED THE CRIME OF DISTRIBUTION OF ICE AS ALLEGED IN THAT COUNT;

2.    THE PERSON WAS A MEMBER OF THE CONSPIRACY CHARGED IN COUNTS II OR III OF THE INDICTMENT

3.    THE PERSON COMMITTED THE CRIME OF DISTRIBUTION OF ICE IN FURTHERANCE OF THE CONSPIRACY;

4.    THE DEFENDANT WAS A MEMBER OF THE SAME CONSPIRACY AT THE TIME OF THE OFFENSE WAS COMMITTED; AND

**5.    THE OFFENSE FELL WITHIN THE SCOPE OF THE UNLAWFUL AGREEMENT AND COULD REASONABLY HAVE BEEN FORESEEN TO BE A NECESSARY OR NATURAL CONSEQUENCE OF THE UNLAWFUL AGREEMENT.**

**27.   CHARGES IN THE INDICTMENT:**
**DISTRIBUTION AND POSSESSION WITH INTENT**
**TO DISTRIBUTE A CONTROLLED SUBSTANCE**


AS I MENTIONED TO YOU BEFORE, TITLE 21, UNITED STATES CODE,

SECTION 841(a)(1), IN PERTINENT PART,  MAKES IT UNLAWFUL FOR ANY

PERSON KNOWINGLY OR INTENTIONALLY --

"TO ... DISTRIBUTE ... OR POSSESS WITH INTENT TO ... DISTRIBUTE ... A

CONTROLLED SUBSTANCE."

**28.   CHARGES:   COUNTS II AND III OF THE INDICTMENT**

1
2
3          **COUNT II OF THE INDICTMENT CHARGES THAT ON OR ABOUT MAY 25,**
4    **2007, DEFENDANT SAMUEL RAYBURN AND AN UNINDICTED CO-CONSPIRATOR**
5    **POSSESSED WITH INTENT TO DISTRIBUTE AND THAT THEY DISTRIBUTED A**
6    **CONTROLLED SUBSTANCE, THAT IS, .40 GRAMS OF METHAMPHETAMINE IN**
7    **THE FORM COMMONLY KNOWN AS "ICE."**
8
9          **COUNT III OF THE INDICTMENT CHARGES THAT ON OR ABOUT MAY 30,**
10   **2007, DEFENDANT SAMUEL RAYBURN AND AN UNINDICTED CO-CONSPIRATOR**
11   **POSSESSED WITH INTENT TO DISTRIBUTE AND THAT THEY DISTRIBUTED A**
12   **CONTROLLED SUBSTANCE, THAT IS, .82 GRAMS OF METHAMPHETAMINE IN**
13   **THE FORM COMMONLY KNOWN AS "ICE."**
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28          **29.  POSSESSION WITH INTENT TO DISTRIBUTE:**

**ELEMENTS OF THE OFFENSE**

       THE OFFENSE OF POSSESSION WITH INTENT TO DISTRIBUTE A

CONTROLLED SUBSTANCE, THAT IS, METHAMPHETAMINE IN THE FORM

COMMONLY KNOWN AS "ICE," HAS TWO ELEMENTS:

       <u>FIRST</u>, THAT DEFENDANT KNOWINGLY POSSESSED A CONTROLLED

SUBSTANCE, THAT IS, METHAMPHETAMINE, OR SOME OTHER PROHIBITED

DRUG; AND

       <u>SECOND</u>, THAT DEFENDANT INTENDED TO DELIVER THE CONTROLLED

SUBSTANCE TO ANOTHER PERSON.

       TO "POSSESS WITH INTENT TO DISTRIBUTE" MEANS TO POSSESS WITH

INTENT TO DELIVER OR TRANSFER POSSESSION OF A CONTROLLED

SUBSTANCE TO ANOTHER PERSON, WITH OR WITHOUT ANY FINANCIAL

INTEREST IN THE TRANSACTION.

1
2

### 30.  DISTRIBUTION:   ELEMENTS OF THE OFFENSE

3
4

THE OFFENSE OF DISTRIBUTION OF A  CONTROLLED SUBSTANCE  HAS

5
TWO ELEMENTS:

6
 **FIRST**, THAT DEFENDANT KNOWINGLY DELIVERED A CONTROLLED

7
SUBSTANCE, THAT IS, METHAMPHETAMINE, OR SOME OTHER PROHIBITED

8
DRUG; AND

9
 **SECOND**, THAT DEFENDANT KNEW THAT IT WAS METHAMPHETAMINE

10
OR SOME OTHER PROHIBITED DRUG.

11
12
IT DOES NOT MATTER WHETHER THE DEFENDANT KNEW THAT THE

13
SUBSTANCE WAS METHAMPHETAMINE.  IT IS SUFFICIENT THAT THE

14
DEFENDANT KNEW THAT IT WAS SOME KIND OF A PROHIBITED DRUG.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 31.  POSSESSION:  DEFINITION

**POSSESSION MEANS THAT A PERSON IS AWARE OF AN OBJECT AND HAS PHYSICAL CONTROL OF IT, OR KNOWS OF ITS EXISTENCE AND HAS THE POWER AND INTENTION TO CONTROL IT.**

**MORE THAN ONE PERSON CAN BE IN POSSESSION OF SOMETHING IF EACH KNOWS OF ITS PRESENCE AND HAS THE POWER AND INTENTION TO CONTROL IT.**

## 32.  KNOWINGLY:  DEFINITION

AN ACT IS DONE KNOWINGLY IF THE DEFENDANT IS AWARE OF THE ACT AND DOES NOT ACT THROUGH IGNORANCE, MISTAKE, OR ACCIDENT. THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THAT HIS ACTS OR OMISSIONS WERE UNLAWFUL. YOU MAY CONSIDER EVIDENCE OF THE DEFENDANT'S WORDS, ACTS, OR OMISSIONS, ALONG WITH ALL THE OTHER EVIDENCE, IN DECIDING WHETHER THE DEFENDANT ACTED KNOWINGLY.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 33.  AIDING AND ABETTING:   DEFINITION

A DEFENDANT MAY BE FOUND GUILTY OF POSSESSING WITH INTENT TO DISTRIBUTE OR DISTRIBUTING A CONTROLLED SUBSTANCE EVEN IF THE DEFENDANT PERSONALLY DID NOT COMMIT THE ACT OR ACTS CONSTITUTING THE CRIME BUT AIDED AND ABETTED IN ITS COMMISSION. TO PROVE A DEFENDANT GUILTY OF AIDING AND ABETTING, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT:

FIRST, POSSESSING WITH INTENT TO DISTRIBUTE OR DISTRIBUTING A CONTROLLED SUBSTANCE WAS COMMITTED BY SOMEONE;

SECOND, THE DEFENDANT KNOWINGLY AND INTENTIONALLY AIDED, COUNSELED, COMMANDED, INDUCED OR PROCURED THAT PERSON TO COMMIT THE OFFENSE; AND

THIRD, THE DEFENDANT ACTED BEFORE THE CRIME WAS COMPLETED.

IT IS NOT ENOUGH THAT THE DEFENDANT MERELY ASSOCIATED WITH THE PERSON COMMITTING THE CRIME, OR UNKNOWINGLY OR UNINTENTIONALLY DID THINGS THAT WERE HELPFUL TO THAT PERSON, OR WAS PRESENT AT THE SCENE OF THE CRIME.

THE EVIDENCE MUST SHOW BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED WITH THE KNOWLEDGE AND INTENTION OF HELPING THAT PERSON COMMIT THE OFFENSE.

1

**THE GOVERNMENT IS NOT REQUIRED TO PROVE PRECISELY WHICH DEFENDANT ACTUALLY COMMITTED THE CRIME AND WHICH DEFENDANT AIDED AND ABETTED.**

**34.   EACH COUNT A SEPARATE CRIME**

      A SEPARATE CRIME IS CHARGED AGAINST EACH DEFENDANT IN EACH COUNT. THE CHARGES HAVE BEEN JOINED FOR TRIAL. YOU MUST DECIDE THE CASE ON EACH CRIME CHARGED AGAINST EACH DEFENDANT SEPARATELY. YOUR VERDICT ON ANY COUNT AS TO ONE DEFENDANT SHOULD NOT CONTROL YOUR VERDICT ON ANY OTHER COUNT OR ON ANY OTHER DEFENDANT.

      ALL OF THE INSTRUCTIONS APPLY TO EACH COUNT UNLESS I INSTRUCT YOU OTHERWISE.

**35.  ON OR ABOUT:   DEFINITION**


**NOW, I WANT TO SAY A WORD ABOUT THE DATES THAT HAVE BEEN MENTIONED IN THE INDICTMENT.**

**THE INDICTMENT CHARGES THAT THE CRIMES OCCURRED ON APPROXIMATELY A CERTAIN DATE.  THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CRIMES HAPPENED ON THAT EXACT DATE.  BUT THE GOVERNMENT MUST PROVE THAT THE CRIMES OCCURRED REASONABLY CLOSE TO THAT DATE.**

### 36.   CONDUCT OF DELIBERATIONS

WHEN YOU BEGIN YOUR DELIBERATIONS, YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THAT PERSON WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN COURT.

YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO. YOUR VERDICT, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD. BUT DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION. DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

**37.   JUROR NOTES**

SOME OF YOU HAVE TAKEN NOTES DURING THE TRIAL.  WHETHER OR NOT YOU TOOK NOTES, YOU SHOULD RELY ON YOUR OWN MEMORY OF WHAT WAS SAID.  NOTES ARE ONLY TO ASSIST YOUR MEMORY. YOU SHOULD NOT BE OVERLY INFLUENCED BY THE NOTES.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 38.   PUNISHMENT IRRELEVANT

THE PUNISHMENT PROVIDED BY LAW FOR THIS CRIME IS FOR THE COURT TO DECIDE. YOU MAY NOT CONSIDER PUNISHMENT IN DECIDING WHETHER THE GOVERNMENT HAS PROVED ITS CASE AGAINST THE DEFENDANT BEYOND A REASONABLE DOUBT.

**39.  BASIS OF VERDICT**


**YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE AND ON THE LAW AS I HAVE GIVEN IT TO YOU IN THESE INSTRUCTIONS. HOWEVER, NOTHING THAT I HAVE SAID OR DONE IS INTENDED TO SUGGEST WHAT YOUR VERDICT SHOULD BE—THAT IS ENTIRELY FOR YOU TO DECIDE.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**40.   VERDICT FORM**


**A VERDICT FORM HAS BEEN PREPARED FOR YOU.  AFTER YOU HAVE REACHED UNANIMOUS AGREEMENT ON A VERDICT, YOUR FOREPERSON WILL FILL IN THE FORM THAT HAS BEEN GIVEN TO YOU, SIGN AND DATE IT, AND ADVISE THE BAILIFF THAT YOU ARE READY TO RETURN TO THE COURTROOM.**

**41.   COMMUNICATION WITH THE COURT**

**IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE THROUGH THE BAILIFF, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY.  NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING, AND I WILL RESPOND TO THE JURY CONCERNING THE CASE ONLY IN WRITING, OR HERE IN OPEN COURT.  IF YOU SEND OUT A QUESTION, I WILL CONSULT WITH THE LAWYERS BEFORE ANSWERING IT, WHICH MAY TAKE SOME TIME.  YOU MAY CONTINUE YOUR DELIBERATIONS WHILE WAITING FOR THE ANSWER TO ANY QUESTION. REMEMBER THAT YOU ARE NOT TO TELL ANYONE—INCLUDING ME—HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF THE GUILT OF THE DEFENDANT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT OR HAVE BEEN DISCHARGED.**