LEONARDO M. RAPADAS
United States Attorney
ERIC S. O'MALLEY
Assistant U.S. Attorneys
DISTRICT OF THE NORTHERN
  MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2982
Fax:          (670) 236-2985

## UNITED STATES DISTRICT COURT
## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07-00019 |
| Plaintiff, | ) | |
| v. | ) | **UNITED STATES' PROPOSED JURY VOIR DIRE QUESTIONS** |
| SAMUEL RAYBURN, | ) | Trial: Jury<br>Date: September 10, 2007<br>Time: 1:30 p.m.<br>Judge: Hon. Alex R. Munson |
| Defendant. | ) | |

The United States of America, by and through its undersigned attorneys, hereby submits the attached proposed jury voir dire questions.

 

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

Date: _____        By: _____
                                                        ERIC S. O'MALLEY
                                                        Assistant United States Attorney

In addition to the following questions, the Government respectfully requests that the Court, at the beginning of the voir dire, instruct all prospective jurors to pay close attention to all of the Court's questions. Then, as additional jurors are selected to fill vacant seats, the Court should ask that newly seated juror whether they would have responded affirmatively to any of the Court's general questions and should follow up as appropriate.

**Nature of Case**

1. Is there anything about the subject of this case, that is, allegations of distributing illegal drugs, namely crystal methamphetamine, also know as "ice," that makes you not want to be involved in the trial of this case? If so, what is it?
2. We all may have known someone who has been involved in drugs or seen their devastating effect on our community. Would you be able to be a fair and impartial juror in this case which involves allegations that the defendant sold drugs to cooperating witnesses?
3. Do you believe that you would be able to be fair and impartial and render a verdict solely on the evidence presented at trial and the law as it is explained to you by the court?
4. Do you believe that the United States Government should enforce federal drug laws on Saipan? Do you believe that drugs like ice should be illegal?
5. Do you believe that the U.S. Drug Enforcement Agency should not use cooperating witnesses to catch drug dealers?
6. Have you or anyone that you are closely related to had a problem with drugs or drug abuse? Would that affect your ability to be a fair and impartial juror in this case?

**General Background**

7. In what village do you presently live? How long have you lived at your present residence?
8. Where were you born?
9. What is your present marital status?
10. What is your present occupation?
11. What is your spouse's present occupation?

1  12.  Please state your spouse's work history.
2  13.  Do you have any children? If so, what are their names, ages, and sex? If any of
3       them are adults, what are their occupations?
4  14.  Do you have any health problems which may affect your service as a juror? If so,
5       state briefly the nature of the problem.
6  15.  Do you require regular or frequent medication or medical care and attention?
7  16.  Have you completed high school, college, or graduate school, and what, if any,
8       was your area of concentration (major etc.)?
9  17.  Are you presently a student? If so, state the school you are attending, your grade
10      level, and your area(s) of concentration.
11 18.  Do you have any religious, moral, or personal reasons which would prevent your sitting
12      in judgment on another person?
13 19.  If you have learned something about this case or about the prosecution or the defendant,
14      have you formed or expressed an opinion about the guilt or innocence of the defendant
15      with reference to the charges in this case? If yes, state the opinion you have formed or
16      expressed.
17 21.  Do you know of any reason you could not serve as a fair and impartial juror in this
18      particular case? If yes, please explain.

**Military Service**

20 22.  Have you ever served in the military? If so, what branch? What rank did you attain?
21 23.  Where did you serve?
22 24.  Have you had any experience with military trials or military justice? If so, please
23      describe.

**Exposure to Law, Law Enforcement**

25 25.  Have you, any member of your family, or a close personal friend ever been accused of
26      any crime?
27 26.  Have you ever been arrested?
28 27.  Has any close friend or family member ever been arrested?

28. Have you, a close family member or a close personal friend ever been convicted of a crime or misdemeanor? If yes, please explain.

29. Have you, or any family member ever been a witness in a criminal or civil case? If so, please explain.

30. Have you ever had any direct contact with the police as a victim, witness, suspect, etc.? If so, please describe the circumstances.

31. Do you feel that the law enforcement agency involved conducted itself properly?

32. Have you, any family member or close personal friend ever been employed or associated with a lawyer who practices criminal law? If yes, give details.

33. Do you or your relatives or close friends have any pending lawsuits or claims against the United States or any of its agencies? If so, please describe the circumstances surrounding these claims.

34. Please explain your past experience on juries in both civil and criminal cases. Tell us when the case was tried and the nature of the case. Without telling me whether or not the jury found the defendant guilty or not guilty, please tell me whether or not the jury actually reached a verdict. Would you be influenced in any way by your previous experience as a juror?

35. Do you have any fixed view about the United States Department of Justice, the United States Drug Enforcement Administration or the DEA/CNMI Task Force that would affect your ability to be an impartial juror in this case?

36. Do you believe that federal criminal law should not be enforced in the CNMI?

37. Most of us during our lives have in one way or another come into contact with law enforcement officers. Have any of these experiences made you feel one way or another about law enforcement officers? If so, what are these feelings?

38. Would you tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason? Or, on the other hand, would you tend not to believe the testimony of a witness just because that witness is a law enforcement officer?

39. Have any of you ever witnessed the commission of a crime? What type of crime? What was the outcome of the case? Would you be influenced in any way by your experience as a witness to a crime?

**Witnesses/Attorneys**

40. Are any of you friendly or associated or related with the attorneys for the United States or for the defense in this case, either socially or through your role as jurors in other cases? If so, please explain the nature of your contact and how it may affect your attitude as a juror in this case.

41. Do any of you know any of the witnesses who might testify? If so, please describe your acquaintance. If you know any of these people, would you be able to lay aside that acquaintanceship and be guided by the evidence presented in this case and by the law given by the Judge?

42. One or more of the government's witnesses may have entered into an agreement with the government under which they will not be prosecuted. The court will instruct you to consider the testimony of such a witness with greater caution than that of an ordinary witness. Do you think you can listen to a witness that has entered into an agreement with the government, and decide whether he or she is telling the truth and in some cases return a verdict of guilty based on the testimony, even though you do not like the witness or do not approve of the arrangement the government has made with the witness?

43. Do any of you know the defendant or his family members socially or through some business or other relationship or acquaintanceship? If so, please describe the relationship or acquaintanceship. Would it be embarrassing and perhaps even painful to have to return a verdict against the defendant when you are so acquainted with the defendant or his family?

44. Does the identity of any of the defendant's relatives cause any of you any concern for any reason?

45. Would the identity of any of the defendant's relatives affect your consideration of the case in any way?

46. Is there any other reason why you could not sit as a juror in this case because of who the defendant is, who his relatives are, or because of any witness that may testify in this case?

### Activities, Sources of Information

47. What are your primary sources of information and news?
48. What newspapers or magazines do you read?
49. How often do you read the newspapers?
50. Do you regularly listen to or watch local or national news?
51. What are your favorite television shows?
52. What are your special interests, hobbies, and recreational pursuits?
53. Are you or any member of your family active in any civic, community, fraternal, or church/religious activities? If so, please briefly describe them.
54. Are you or any member of your family active in any political activities at the present time? If so, describe briefly.
55. Have you ever been an officer in any club or organization? If so, please describe.

### Jury Functions, Duties, and Responsibilities

56. Do you have any problem with the concept that you will be instructed as to the law, but that you are the sole and exclusive judges of the facts?
57. In arriving at a verdict, would you take into consideration all the facts and circumstances rather than just singling out one factor alone?
58. Do you feel that you can keep an open mind and wait until you hear all the evidence and the instructions on the law before making up your mind?
59. Do you feel that you can fairly render a verdict in his case according to the evidence and the law and not allow the fear of the criticism from any source to influence your verdict?

### Other Matters

60. Has anyone talked to you about this case or attempted to influence you in any way about it since you were notified that you may be on the jury panel or even before you were so notified?

61. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at trial and the law as it is given to you? Can you disregard any ideas, notions or beliefs about the facts or the law that you may have earlier encountered or formed?

62. Some of you may have already heard something about this case, or stories about some of persons named in the case. You might have read about this in the newspaper or seen it on television. You might have spoken to others about the case or the parties involved. You might have told people what you think about the case or the parties involved. You might have heard other people express an opinion about all of this. Can you set aside all of that information, the impressions or opinions you may already have, and decide this case only on the evidence that will be presented to you during the course of the trial and on the instructions of law that the court will give you?

63. Some of you may have already heard something about this case. You might have read about it in the newspaper or seen something about it on television. You might have spoken to others about the case. You might have told people what you think about the case. You might have heard other people express an opinion about the case. Can you set aside all of that information, the impressions or opinions you have about the case, and decide this case only on the evidence that will be presented to you during the course of the trial and on the instructions of law that the court will give you?

64. Is there anyone here who has any other reason not mentioned by my previous questions which they feel would make it difficult for them to sit fairly and impartially in this case?