LEONARDO M. RAPADAS
United States Attorney
ERIC S. O'MALLEY
Assistant U.S. Attorney
DISTRICT OF THE
  NORTHERN MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950

Telephone: (670) 236-2980
Fax:       (670) 236-2985

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No.: 07-00019 |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S RESPONSE** |
| v. ) | **TO DEFENDANT'S MOTION** |
| ) | **IN LIMINE** |
| SAMUEL RAYBURN, ) | |
| Defendant. ) | |

Defendant challenges the admissibility of a May 25, 2006 recorded meeting involving the defendant, his spouse and a cooperating source based on poor quality and audibility. Their recorded conversations reflect discussions of ongoing and future drug trafficking which are relevant and should be admissible at trial.

The original recording, one Sony mini disc, was copied on to an audio cassette tape and both were made available in discovery. The government intends to introduce certain portions of the recording and a redacted transcript of those recorded portions. The entire recording and a transcript of the audible and inaudible portions will nonetheless be available. The government asserts that the quality of the recorded portions it intends to introduce is sufficiently audible so as to not render them inaccurate and unreliable, as well the redacted transcripts are accurate and reliable.

The admission of recordings and transcripts are within the sound discretion of the trial court. United States v. Lane, 514 F.2d 22, 27 (9th Cir. 1975); United States v. Taghipour, 964 F.2d 908, 910 (9th cir. 1992). The rule in the Ninth Circuit is that a recorded conversation "is generally admissible unless the unintelligible portions are so substantial that the recording as a whole is untrustworthy." United States v. Tisor, 96 F.3d 370, 376 (9th Cir. 1996).

The fact that some portions of a recording are not picked up by the recording equipment should not render the audible portions of the recording inadmissible. In United States v. Tisor, 96 F.3d 370, 376-77 (9th Cir. 1996), for example, audio tapes were admissible even if portions were inaudible because defense counsel was provided the transcripts prior to trial, given ample time to identify any alleged inaccuracies, and able to cross examine a government witness regarding the transcripts. As well, in United States v. Hearst, 412 F.Supp. 888-89 (N.D. Cal. 1976), a partially inaudible tape was admitted because defense counsel had the opportunity to question the defendant about the tape and offer other relevant evidence.

The Ninth Circuit has also approved the use of transcripts of recordings during trial and deliberations. See United States v. Turner, 528 F.2d 143, 167-68 (9th Cir. 1975); Taghipour, 964 F.2d at 910; United States v. Booker, 952 F.2d 247, 249-50 (9th Cir. 1991).

In this case, the defendant was aware of the May 25, 2006 recording and transcript sufficiently in advance of trial to allow him to prepare his own transcript. The district court should instruct the jury that the recordings would be the evidence, the transcripts would be used as aids in their understanding of the recordings, and to resolve any discrepancy between the recordings and transcripts in favor of the recordings.

Dated this __10__ day of September 2007.

Respectfully Submitted,
LEONARDO M. RAPADAS
United States Attorney

ERIC S. O'MALLEY
Assistant U.S. Attorney

2