1  LEONARDO M. RAPADAS
   United States Attorney
2  ERIC S. O'MALLEY
   Assistant U.S. Attorney
3  DISTRICT OF THE
     NORTHERN MARIANA ISLANDS
4  Horiguchi Building, Third Floor
   P.O. Box 500377
5  Saipan, MP 96950

6  Telephone:  (670) 236-2980
   Fax:        (670) 236-2985
7

8
                 IN THE UNITED STATES DISTRICT COURT
9                    NORTHERN MARIANA ISLANDS

10

11 UNITED STATES OF AMERICA,          )    Criminal Case No.: 07-00019
                                      )
12            Plaintiff,              )
                                      )
13                                    )    GOVERNMENT'S OBJECTION
                                      )    TO DEFENDANT'S PROPOSED
        v.                            )    DIMINISHED CAPACITY
14                                    )    INSTRUCTION
                                      )
15 SAMUEL RAYBURN,                    )
                                      )
16            Defendant.              )
   _____)
17

18      Defendant proposes to use testimony of lay witnesses to support a Diminished Capacity

19 instruction as he so advised this Honorable Court on September 10, 2007.  It is the government's

20 understanding that defendant may claim he suffers from an *abnormal mental condition* and call

21 lay witnesses in support of the claim.  The defendant must offer relevant and reliable evidence

22 entitling him to an "*abnormal mental condition*" diminished capacity instruction.

23      A defendant who seeks to present mental-condition evidence must show that the specific

24 medical evidence offered as pertinent to his state of mind is relevant to the requisite intent; that

25 the probative value is not substantially outweighed by confusion or delay, and the expert

26 testimony is scientifically reliable and helpful to the jury.  Fed.Rules Evid.Rules 401, 403,

27 701, and 702.

28      "Diminished capacity is directly concerned with whether the defendant possessed the

1  ability to attain the culpable state of mind which defines the crime." United States v. Twine, 853

2  F.2d 676, 678 (9th Cir. 1998).  However, a defendant's alleged impaired mental capacity should

3  be admissible to arguably defeat a mental state requirement of a specific intent crime only if such

4  evidence is provided by relevant and reliable expert testimony.

5      Psychiatric testimony may be admissible as was the case in Twine, 853 F.2d at 676-78, in

6  which the district court considered the defendant's diminished capacity defense.  As well,

7  psychiatric testimony may still be inadmissible as irrelevant and prejudicial as was the case in

8  United States v. Pohlot, 827 F.2d 889 (3rd Cir. 1987)(psychiatric evidence relating to defendant's

9  subconscious motivation did not support legally acceptable theory of lack of mens rea); and

10 United States v. Schneider, 111 F.3d 197 (1st Cir. 1997)(limited relevance of expert medical

11 testimony proffered as pertinent to defendant's state of mind was substantially outweighed by

12 capacity to mislead jury into thinking that evidence mitigated the offense).

13     In this case, the defendant has not proffered any expert witness.  He instead intends to

14 call lay witnesses, whose qualifications are unknown, to testify about any alleged abnormal

15 mental condition of the defendant in support of a diminished capacity instruction.

16     Dated this __11th__ day of September 2007.

17

18                    Respectfully Submitted,
                      LEONARDO M. RAPADAS
19                    United States Attorney

20

21                    ERIC S. O'MALLEY
                      Assistant U.S. Attorney
22

23

24

25

26

27

28                          2