1

2

3

**UNITED STATES DISTRICT COURT**
**NORTHERN MARIANA ISLANDS**

4

5

6

7

8

9

10

11

| | |
|---|---|
| _____ ) | Case No.: 07-00019 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **STIPULATED** |
| Plaintiff, ) | **JURY INSTRUCTIONS** |
| ) | |
| *v.* ) | Jury Trial:    September 10, 2007 |
| ) | Time:          1:30 p.m. |
| SAMUEL RAYBURN, ) | Judge:        Hon. Alex R. Munson |
| ) | |
| Defendant. ) | |
| _____ ) | |

12

13

14

15

     The parties in the above-captioned case hereby submit their stipulated jury instructions.

16

Respectfully Submitted this 12th day of September 2006,

17

                                        LEONARDO M. RAPADAS
                                        United States Attorney

18

19

____/s/_____            _____/s/_____
DANILO T. AGUILAR                    ERIC S. O'MALLEY
Counsel to Defendant                 Assistant U.S. Attorney

20

21

22

23

24

25

26

27

28

**1.    FUNCTION OF JURY**

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL OF THE EVIDENCE, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW WHICH APPLIES TO THIS CASE.  A COPY OF THESE INSTRUCTIONS WILL BE AVAILABLE IN THE JURY ROOM FOR YOU TO CONSULT.

IT IS YOUR DUTY TO FIND THE FACTS FROM ALL OF THE EVIDENCE IN THE CASE.  TO THOSE FACTS, YOU WILL APPLY THE LAW AS I GIVE IT TO YOU.  YOU MUST FOLLOW THE LAW AS I GIVE IT TO YOU WHETHER YOU AGREE WITH IT OR NOT.  YOU MUST NOT BE INFLUENCED BY ANY PERSONAL LIKES OR DISLIKES, OPINIONS, PREJUDICES, OR SYMPATHIES.  THAT MEANS THAT YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE BEFORE YOU. YOU WILL RECALL THAT YOU TOOK AN OATH PROMISING TO DO SO AT THE BEGINNING OF THE CASE.

IN FOLLOWING MY INSTRUCTIONS, YOU MUST FOLLOW ALL OF THEM, AND NOT SINGLE OUT SOME AND IGNORE OTHERS; THEY ARE ALL EQUALLY IMPORTANT.  YOU MUST NOT READ INTO THESE INSTRUCTIONS, OR INTO ANYTHING THE COURT MAY HAVE SAID OR DONE, ANY SUGGESTION AS TO WHAT VERDICT YOU SHOULD RETURN -- THAT IS A MATTER ENTIRELY UP TO YOU.

## 2.    <u>THE UNITED STATES AS A PARTY</u>

YOU ARE TO PERFORM THE DUTY OF FINDING THE FACTS WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY.  YOU ARE TO PERFORM YOUR FINAL DUTY IN AN ATTITUDE OF COMPLETE FAIRNESS AND IMPARTIALITY.  THE CASE IS IMPORTANT TO THE GOVERNMENT BECAUSE THE ENFORCEMENT OF CRIMINAL LAWS IS A MATTER OF PRIME IMPORTANCE TO THE COMMUNITY. EQUALLY, IT IS IMPORTANT TO THE DEFENDANT WHO IS CHARGED WITH SERIOUS CRIMES.  THE FACT THAT THE PROSECUTION IS BROUGHT IN THE NAME OF THE UNITED STATES OF AMERICA ENTITLES THE GOVERNMENT TO NO GREATER CONSIDERATION THAN THAT ACCORDED TO ANY OTHER PARTY TO A CASE.  BY THE SAME TOKEN, IT IS ENTITLED TO NO LESS CONSIDERATION.  ALL PARTIES, WHETHER THE GOVERNMENT OR INDIVIDUALS, STAND AS EQUALS AT THE BAR OF JUSTICE.

**3.**    **INDICTMENT IS NOT EVIDENCE**

THE INDICTMENT IS NOT EVIDENCE. THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGE. THE DEFENDANT IS PRESUMED TO BE INNOCENT AND DOES NOT HAVE TO TESTIFY OR PRESENT ANY EVIDENCE TO PROVE HIS INNOCENCE. THE GOVERNMENT HAS THE BURDEN OF PROVING EVERY ELEMENT OF THE CHARGES BEYOND A REASONABLE DOUBT.

**4.** **RIGHT NOT TO TESTIFY**

A DEFENDANT IN A CRIMINAL CASE HAS A CONSTITUTIONAL RIGHT NOT TO TESTIFY.   NO PRESUMPTION OF GUILT MAY BE RAISED, AND NO INFERENCE OF ANY KIND MAY BE DRAWN, FROM THE FACT THAT THE DEFENDANT DID NOT TESTIFY.

**5.**      **PRESUMPTION OF INNOCENCE**

AS I TOLD YOU AT THE OUTSET OF THE TRIAL, THIS IS A CRIMINAL

CASE IN WHICH THE DEFENDANT IS CHARGED WITH VIOLATING CERTAIN

LAWS OF THE UNITED STATES. THE CHARGES, HOWEVER, ARE ONLY

ALLEGATIONS.  THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THOSE

CHARGES UNLESS AND UNTIL YOU, THE JURY, FIND BEYOND A REASONABLE

DOUBT THAT DEFENDANT IS GUILTY OF ANY OFFENSE ALLEGED IN THE

INDICTMENT.

6.    **BURDEN OF PROOF**

IN A CRIMINAL CASE, THE GOVERNMENT ALWAYS HAS THE BURDEN

OF PROOF.  TO OVERCOME THE PRESUMPTION OF INNOCENCE AND PROVE

THE DEFENDANT GUILTY OF AN OFFENSE, THE GOVERNMENT MUST PROVE

BEYOND A REASONABLE DOUBT EACH AND EVERY ELEMENT OF THAT

OFFENSE AS CHARGED IN THE INDICTMENT.

**7.**     **REASONABLE DOUBT**

PROOF BEYOND A REASONABLE DOUBT IS PROOF THAT LEAVES YOU FIRMLY CONVINCED THAT THE DEFENDANT IS GUILTY.  IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.

A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON SENSE AND IS NOT BASED PURELY ON SPECULATION.  IT MAY ARISE FROM A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, OR FROM A LACK OF EVIDENCE.

IF, AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT NOT GUILTY.  ON THE OTHER HAND, IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT GUILTY.

**8.    EVIDENCE:  WHAT IS EVIDENCE**

      **THE EVIDENCE FROM WHICH YOU ARE TO DECIDE THE FACTS OF THIS CASE ARE:**

     **1.    THE SWORN TESTIMONY OF ANY WITNESS;**

     **2.    THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO EVIDENCE;**

     **3.    ANY FACTS TO WHICH THE LAWYERS HAVE STIPULATED;  AND**

     **4.    ANY FACTS OF WHICH THE COURT HAS TAKEN JUDICIAL NOTICE.**

**9.    EVIDENCE: WHAT IS NOT EVIDENCE**

IN REACHING YOUR VERDICT, YOU MAY CONSIDER ONLY THE

EVIDENCE THAT THE COURT HAS RECEIVED, THAT IS, THE TESTIMONY,

EXHIBITS, AND ANY STIPULATIONS.  CERTAIN THINGS, HOWEVER, ARE NOT

EVIDENCE AND YOU MAY NOT CONSIDER THEM IN DECIDING THE FACTS.  I

WILL LIST THEM FOR YOU:

1.    ARGUMENTS AND STATEMENTS BY LAWYERS ARE NOT

EVIDENCE.  THE LAWYERS ARE NOT WITNESSES.  WHAT THEY SAY IN THEIR

OPENING OR CLOSING STATEMENTS, AND AT OTHER TIMES IS INTENDED TO

HELP YOU INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE.  IF THE

FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE LAWYERS

STATE THEM, YOUR MEMORY OF THEM CONTROLS.

2.    QUESTIONS AND OBJECTIONS BY LAWYERS ARE NOT

EVIDENCE.  ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN

THEY BELIEVE A QUESTION IS IMPROPER UNDER THE RULES OF EVIDENCE.

YOU SHOULD NOT BE INFLUENCED BY THE QUESTION, THE OBJECTION, OR

THE COURT'S RULING ON IT.

3.    TESTIMONY THAT HAS BEEN EXCLUDED OR STRICKEN, OR THAT

YOU HAVE BEEN INSTRUCTED TO DISREGARD, IS NOT EVIDENCE AND MUST

NOT BE CONSIDERED.  IN ADDITION, SOME TESTIMONY AND EXHIBITS HAVE

BEEN RECEIVED ONLY FOR A LIMITED PURPOSE; WHERE I HAVE GIVEN A

LIMITING INSTRUCTION, YOU MUST FOLLOW IT.

4.    ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT WAS NOT IN SESSION IS NOT EVIDENCE.  YOU ARE TO DECIDE THE CASE SOLELY ON THE EVIDENCE RECEIVED AT THE TRIAL.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**10.    <u>EVIDENCE:</u>  <u>DIRECT AND CIRCUMSTANTIAL</u>**

**THERE ARE TWO KINDS OF EVIDENCE, DIRECT AND CIRCUMSTANTIAL. DIRECT EVIDENCE IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY OF AN EYEWITNESS.  CIRCUMSTANTIAL EVIDENCE IS INDIRECT EVIDENCE, THAT IS, PROOF OF A CHAIN OF FACTS FROM WHICH YOU COULD FIND THAT ANOTHER FACT EXISTS, EVEN THOUGH IT HAS NOT BEEN PROVED DIRECTLY. YOU ARE TO CONSIDER BOTH KINDS OF EVIDENCE.  THE LAW PERMITS YOU TO GIVE EQUAL WEIGHT TO BOTH, BUT IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.**

**11.    CONSIDERATION OF THE EVIDENCE**

IN DECIDING THE FACTS IN THIS CASE, YOU MAY HAVE TO DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE. YOU MAY BELIEVE EVERYTHING A WITNESS SAYS, OR PART OF IT, OR NONE OF IT.

IN CONSIDERING THE TESTIMONY OF ANY WITNESS, YOU MAY TAKE INTO ACCOUNT:

1.    THE OPPORTUNITY AND ABILITY OF THE WITNESS TO SEE OR HEAR OR KNOW THE THINGS THEY TESTIFIED TO;

2.    THE WITNESS' MEMORY;

3.    THE WITNESS' MANNER WHILE TESTIFYING;

4.    THE WITNESS' INTEREST IN THE OUTCOME OF THE CASE AND ANY BIAS OR PREJUDICE;

5.    WHETHER OTHER EVIDENCE CONTRADICTED THE WITNESS' TESTIMONY;

6.    THE REASONABLENESS OF THE WITNESS' TESTIMONY IN LIGHT OF ALL THE EVIDENCE; AND

7.    ANY OTHER FACTORS THAT BEAR ON BELIEVABILITY.

THE WEIGHT OF THE EVIDENCE AS TO A FACT DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY.

**12.    EVIDENCE: <u>PRIOR INCONSISTENT STATEMENTS</u>**

YOU HAVE HEARD EVIDENCE THAT CERTAIN WITNESSES GAVE OR MADE PRIOR STATEMENTS WHICH MAY HAVE BEEN INCONSISTENT WITH TESTIMONY GIVEN DURING TRIAL.  YOU MAY CONSIDER THIS EVIDENCE, ALONG WITH OTHER EVIDENCE YOU FIND PERTINENT, IN DECIDING WHETHER OR NOT TO BELIEVE THE WITNESS AND HOW MUCH WEIGHT TO GIVE THE TESTIMONY OF THAT WITNESS.

**13.**      **EVIDENCE: STATEMENTS BY DEFENDANT**

     **YOU HAVE HEARD TESTIMONY THAT THE DEFENDANT MADE CERTAIN STATEMENTS. IT IS FOR YOU TO DECIDE:**

     **1.**      **WHETHER THE DEFENDANT MADE ANY STATEMENT; AND**

     **2.**      **IF SO, HOW MUCH WEIGHT TO GIVE IT.**

     **IN MAKING THOSE DECISIONS, YOU SHOULD CONSIDER ALL OF THE EVIDENCE ABOUT THE STATEMENT, INCLUDING THE CIRCUMSTANCES UNDER WHICH IT MAY HAVE BEEN MADE.**

**14.**    **TRIAL ON CHARGES IN THE INDICTMENT**

THE DEFENDANT IS ON TRIAL ONLY FOR THE CRIMES CHARGED IN THE INDICTMENT, NOT FOR ANY OTHER ACTIVITIES.  YOUR DETERMINATION MUST BE MADE ONLY FROM THE EVIDENCE IN THE CASE.  YOU SHOULD CONSIDER EVIDENCE ABOUT THE ACTS, STATEMENTS, AND INTENTIONS OF OTHERS, OR EVIDENCE ABOUT OTHER ACTS OF THE DEFENDANT, ONLY AS THEY RELATE TO THESE CHARGES AGAINST THIS DEFENDANT.

**15.    EVIDENCE: OTHER CRIMES**

YOU HAVE HEARD EVIDENCE OF OTHER CRIMES, ACTS AND WRONGDOINGS ENGAGED IN BY THE DEFENDANT BUT NOT CHARGED IN THIS CASE.  YOU MAY CONSIDER THAT EVIDENCE ONLY AS IT BEARS ON THE DEFENDANT'S  INTENT, PLAN, KNOWLEDGE, OR ABSENCE OF MISTAKE, AND FOR NO OTHER PURPOSE.

**16.**    **COUNT ONE--CONSPIRACY:** **ELEMENTS OF THE OFFENSE**

THE DEFENDANT IS CHARGED IN COUNT ONE OF THE INDICTMENT WITH CONSPIRING TO POSSESS WITH INTENT TO DISTRIBUTE AND TO DISTRIBUTE A CONTROLLED SUBSTANCE, IN VIOLATION OF SECTIONS 846, 841(a)(1) & 841(b)(1)(C) OF TITLE 21 OF THE UNITED STATES CODE. IN ORDER FOR YOU TO FIND THE DEFENDANT GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, BEGINNING ON OR ABOUT MAY 25, 2006, AND ENDING ON OR ABOUT MAY 30, 2006, THERE WAS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO COMMIT AT LEAST ONE CRIME AS CHARGED IN THE INDICTMENT; AND

SECOND, THE DEFENDANT BECAME A MEMBER OF THE CONSPIRACY KNOWING AT LEAST ONE OF ITS OBJECTS AND INTENDING TO HELP ACCOMPLISH IT.

I SHALL DISCUSS WITH YOU BRIEFLY THE LAW RELATING TO EACH OF THESE ELEMENTS. A CONSPIRACY IS A KIND OF CRIMINAL PARTNERSHIP–AN AGREEMENT OF TWO OR MORE PERSONS TO COMMIT ONE OR MORE CRIMES. THE CRIME OF CONSPIRACY IS THE AGREEMENT TO DO SOMETHING UNLAWFUL; IT DOES NOT MATTER WHETHER THE CRIME AGREED UPON WAS COMMITTED.

FOR A CONSPIRACY TO HAVE EXISTED, IT IS NOT NECESSARY THAT THE CONSPIRATORS MADE A FORMAL AGREEMENT OR THAT THEY AGREED ON

EVERY DETAIL OF THE CONSPIRACY.  IT IS NOT ENOUGH, HOWEVER, THAT

THEY SIMPLY MET, DISCUSSED MATTERS OF COMMON INTEREST, ACTED IN

SIMILAR WAYS, OR PERHAPS HELPED ONE ANOTHER.  YOU MUST FIND THAT

THERE WAS A PLAN TO COMMIT AT LEAST ONE OF THE CRIMES ALLEGED IN

THE INDICTMENT AS AN OBJECT OF THE CONSPIRACY WITH ALL OF YOU

AGREEING AS TO THE PARTICULAR CRIME THAT THE CONSPIRATORS

AGREED TO COMMIT.

        ONE BECOMES A MEMBER OF A CONSPIRACY BY WILLFULLY

PARTICIPATING IN THE UNLAWFUL PLAN WITH THE INTENT TO ADVANCE OR

FURTHER SOME OBJECT OF PURPOSE OF THE CONSPIRACY, EVEN THOUGH

THE PERSON DOES NOT HAVE FULL KNOWLEDGE OF ALL THE DETAILS OF

THE CONSPIRACY.  FURTHERMORE, ONE WHO WILLFULLY JOINS AN

EXISTING CONSPIRACY IS AS RESPONSIBLE FOR IT AS THE ORIGINATORS.  ON

THE OTHER HAND, ONE WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT

HAPPENS TO ACT IN A WAY WHICH FURTHERS SOME OBJECT OR PURPOSE OF

THE CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.

SIMILARLY, A PERSON DOES NOT BECOME A CONSPIRATOR MERELY BY

ASSOCIATING WITH ONE OR MORE PERSONS WHO ARE CONSPIRATORS, NOR

MERELY BY KNOWING THAT A CONSPIRACY EXISTS.

**17.     COUNT ONE--CONSPIRACY: DURATION AND NATURE OF PARTICIPATION**

A CONSPIRACY MAY CONTINUE FOR A LONG PERIOD OF TIME AND MAY INCLUDE THE PERFORMANCE OF MANY TRANSACTIONS.  IT IS NOT NECESSARY THAT ALL MEMBERS OF THE CONSPIRACY JOIN AT THE SAME TIME, AND ONE MAY BECOME A MEMBER OF A CONSPIRACY WITHOUT FULL KNOWLEDGE OF ALL THE DETAILS OF THE UNLAWFUL SCHEME, OR OF THE NAMES, IDENTITIES, OR LOCATIONS OF ALL OF THE OTHER MEMBERS.

EVEN THOUGH A DEFENDANT MAY NOT HAVE DIRECTLY CONSPIRED WITH THE OTHER CONSPIRATORS IN THE OVERALL SCHEME, THE DEFENDANT HAS, IN EFFECT, AGREED TO PARTICIPATE IN THE CONSPIRACY IF IT IS PROVED BEYOND A REASONABLE DOUBT THAT:

FIRST, THE DEFENDANT DIRECTLY CONSPIRED WITH ONE OR MORE CONSPIRATORS TO CARRY OUT AT LEAST ONE OF THE OBJECTS OF THE CONSPIRACY; AND

SECOND, THE DEFENDANT KNEW OR HAD REASON TO KNOW THAT OTHER CONSPIRATORS WERE INVOLVED WITH THOSE WITH WHOM THE DEFENDANT DIRECTLY CONSPIRED.

IT IS NO DEFENSE THAT A PERSON'S PARTICIPATION IN A CONSPIRACY WAS MINOR OR FOR A SHORT PERIOD OF TIME.

18.    <u>COUNT ONE--CONSPIRACY:  AS CHARGED IN THE INDICTMENT</u>

YOU MUST DECIDE WHETHER THE CONSPIRACY CHARGED IN THE INDICTMENT EXISTED, AND, IF IT DID, WHO AT LEAST SOME OF ITS MEMBERS WERE.  IF YOU FIND THAT THE CONSPIRACY CHARGED DID NOT EXIST, THEN YOU MUST RETURN A NOT GUILTY VERDICT ON THAT CHARGE, EVEN THOUGH YOU MAY FIND THAT SOME OTHER CONSPIRACY EXISTED. SIMILARLY, IF YOU FIND THAT THE DEFENDANT WAS NOT A MEMBER OF THE CHARGED CONSPIRACY, THEN YOU MUST FIND THE DEFENDANT NOT GUILTY, EVEN THOUGH THE DEFENDANT MAY HAVE BEEN A MEMBER OF SOME OTHER CONSPIRACY.

**19.**    <u>COUNT ONE--CONSPIRACY:  LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR</u>

EACH MEMBER OF THE CONSPIRACY IS RESPONSIBLE FOR THE ACTIONS OF THE OTHER CONSPIRATORS PERFORMED DURING THE COURSE OF AND IN FURTHERANCE OF THE CONSPIRACY.  IF ONE MEMBER OF THE CONSPIRACY COMMITS A CRIME IN FURTHERANCE OF A CONSPIRACY, THE OTHER MEMBERS HAVE ALSO, UNDER THE LAW, COMMITTED THAT CRIME.

THEREFORE, YOU MAY FIND THE DEFENDANT GUILTY OF DISTRIBUTING ICE IF THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

1.    A PERSON NAMED IN COUNT ONE OF THE INDICTMENT COMMITTED THE CRIME OF DISTRIBUTION OF ICE AS ALLEGED IN COUNT TWO;

2.    THE PERSON WAS A MEMBER OF THE CONSPIRACY CHARGED IN COUNT ONE OF THE INDICTMENT;

3.    THE PERSON COMMITTED THE CRIME OF DISTRIBUTION OF ICE IN FURTHERANCE OF THE CONSPIRACY;

4.    THE DEFENDANT WAS A MEMBER OF THE SAME CONSPIRACY AT THE TIME THE OFFENSE WAS COMMITTED; AND

5.    THE OFFENSE FELL WITHIN THE SCOPE OF THE UNLAWFUL AGREEMENT AND COULD REASONABLY HAVE BEEN FORESEEN TO BE A NECESSARY OR NATURAL CONSEQUENCE OF THE UNLAWFUL AGREEMENT.

20.    **COUNT TWO--DISTRIBUTION:  ELEMENTS OF THE OFFENSE**

THE DEFENDANT IS CHARGED IN COUNT TWO OF THE INDICTMENT WITH DISTRIBUTION OF METHAMPHETAMINE IN A FORM COMMONLY KNOWN AS "ICE", IN VIOLATION OF SECTIONS 841(a)(1) AND 841(b)(1)(C) OF TITLE 21 OF THE UNITED STATES CODE.  IN ORDER FOR THE DEFENDANT TO BE FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THE DEFENDANT KNOWINGLY DELIVERED ICE; AND

SECOND, THE DEFENDANT KNEW THAT IT WAS ICE OR SOME OTHER PROHIBITED DRUG.

**21.    KNOWINGLY:  DEFINITION**

AN ACT IS DONE KNOWINGLY IF THE DEFENDANT IS AWARE OF THE

ACT AND DOES NOT ACT THROUGH IGNORANCE, MISTAKE, OR ACCIDENT.

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT

KNEW THAT HIS ACTS OR OMISSIONS WERE UNLAWFUL.  YOU MAY CONSIDER

EVIDENCE OF THE DEFENDANT'S WORDS, ACTS, OR OMISSIONS, ALONG WITH

ALL THE OTHER EVIDENCE, IN DECIDING WHETHER THE DEFENDANT ACTED

KNOWINGLY.

**22.    AIDING AND ABETTING: DEFINITION**

THE DEFENDANT MAY BE FOUND GUILTY OF DISTRIBUTING A CONTROLLED SUBSTANCE EVEN IF THE DEFENDANT PERSONALLY DID NOT COMMIT THE ACT OR ACTS CONSTITUTING THE CRIME BUT AIDED AND ABETTED IN ITS COMMISSION.  TO PROVE A DEFENDANT GUILTY OF AIDING AND ABETTING, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT:

FIRST, DISTRIBUTING A CONTROLLED SUBSTANCE WAS COMMITTED BY SOMEONE;

SECOND, THE DEFENDANT KNOWINGLY AND INTENTIONALLY AIDED, COUNSELED, COMMANDED, INDUCED OR PROCURED THAT PERSON TO COMMIT THE OFFENSE; AND

THIRD, THE DEFENDANT ACTED BEFORE THE CRIME WAS COMPLETED.

IT IS NOT ENOUGH THAT THE DEFENDANT MERELY ASSOCIATED WITH THE PERSON COMMITTING THE CRIME, OR UNKNOWINGLY OR UNINTENTIONALLY DID THINGS THAT WERE HELPFUL TO THAT PERSON, OR WAS PRESENT AT THE SCENE OF THE CRIME.

THE EVIDENCE MUST SHOW BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED WITH THE KNOWLEDGE AND INTENTION OF HELPING THAT PERSON COMMIT THE OFFENSE.  THE GOVERNMENT IS NOT REQUIRED TO PROVE PRECISELY WHICH DEFENDANT ACTUALLY COMMITTED THE CRIME AND WHICH DEFENDANT AIDED AND ABETTED.

**23.    <u>MERE PRESENCE</u>: <u>DEFINITION</u>**

**MERE PRESENCE AT THE SCENE OF A CRIME OR MERE KNOWLEDGE THAT A CRIME IS BEING COMMITTED IS NOT SUFFICIENT TO ESTABLISH THAT THE DEFENDANT COMMITTED THE CRIME, UNLESS YOU FIND THAT THE DEFENDANT WAS A PARTICIPANT AND NOT MERELY A KNOWING SPECTATOR.  THE DEFENDANT'S PRESENCE MAY BE CONSIDERED BY THE JURY ALONG WITH OTHER EVIDENCE IN THE CASE.**

**24.    TESTIMONY OF WITNESS INVOLVING SPECIAL CIRCUMSTANCES–
IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

YOU HAVE HEARD TESTIMONY FROM CARLOS TORRES, A WITNESS

WHO HAS RECEIVED FAVORABLE TREATMENT FROM THE C.N.M.I.

GOVERNMENT FOR HIS COOPERATION IN CONNECTION WITH THIS CASE.

FOR THIS REASON, IN EVALUATING THE TESTIMONY OF CARLOS

TORRES, YOU SHOULD CONSIDER THE EXTENT TO WHICH OR WHETHER MR.

TORRES' TESTIMONY MAY HAVE BEEN INFLUENCED BY THIS FACTOR.  IN

ADDITION, YOU SHOULD EXAMINE TESTIMONY OF MR. TORRES WITH

GREATER CAUTION THAN THAT OF OTHER WITNESSES.

**25.    <u>TRANSCRIPTS</u>**

DURING THE TRIAL, YOU LISTENED TO AUDIO RECORDINGS THAT WERE RECEIVED INTO EVIDENCE.  YOU HAVE BEEN GIVEN A TRANSCRIPT OF THE RECORDING TO HELP YOU IDENTIFY SPEAKERS AND AS A GUIDE TO HELP YOU LISTEN TO THE TAPE.  HOWEVER, BEAR IN MIND THAT THE TAPE RECORDING IS THE EVIDENCE, NOT THE TRANSCRIPT.  IF YOU HEAR SOMETHING DIFFERENT FROM WHAT APPEARS IN THE TRANSCRIPT, WHAT YOU HEAR IS CONTROLLING.

1.

**26.    <u>EACH COUNT A SEPARATE CRIME</u>**

A SEPARATE CRIME IS CHARGED AGAINST THE DEFENDANT IN EACH COUNT.  YOU MUST DECIDE THE CASE ON EACH CRIME CHARGED AGAINST THE DEFENDANT SEPARATELY.  YOUR VERDICT ON ANY COUNT SHOULD NOT CONTROL YOUR VERDICT ON ANY OTHER COUNT.

ALL OF THE INSTRUCTIONS APPLY TO EACH COUNT UNLESS I INSTRUCT YOU OTHERWISE.

27.    **CONDUCT OF DELIBERATIONS**

WHEN YOU BEGIN YOUR DELIBERATIONS, YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON.  THAT PERSON WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN COURT.  YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO.  YOUR VERDICT, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL OF THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD, BUT DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION.  DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

1

**28.    <u>JUROR NOTES</u>**

2

  **SOME OF YOU HAVE TAKEN NOTES DURING THE TRIAL.  WHETHER OR**

3

**NOT YOU TOOK NOTES, YOU SHOULD RELY ON YOUR OWN MEMORY OF WHAT**

4

**WAS SAID.  NOTES ARE ONLY TO ASSIST YOUR MEMORY.  YOU SHOULD NOT BE**

5

**OVERLY INFLUENCED BY THE NOTES.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**29.**     <u>**PUNISHMENT IRRELEVANT**</u>

    **THE PUNISHMENT PROVIDED BY LAW FOR THIS CRIME IS FOR THE COURT TO DECIDE.  YOU MAY NOT CONSIDER PUNISHMENT IN DECIDING WHETHER THE GOVERNMENT HAS PROVED ITS CASE AGAINST THE DEFENDANT BEYOND A REASONABLE DOUBT.**

**30.**     **<u>BASIS OF VERDICT</u>**

       **YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE AND ON THE LAW AS I HAVE GIVEN IT TO YOU IN THESE INSTRUCTIONS.  HOWEVER, NOTHING THAT I HAVE SAID OR DONE IS INTENDED TO SUGGEST WHAT YOUR VERDICT SHOULD BE—THAT IS ENTIRELY FOR YOU TO DECIDE.**

31.    **VERDICT FORM**

A VERDICT FORM HAS BEEN PREPARED FOR YOU. AFTER YOU HAVE
REACHED UNANIMOUS AGREEMENT ON A VERDICT, YOUR FOREPERSON WILL
FILL IN THE FORM THAT HAS BEEN GIVEN TO YOU, SIGN AND DATE IT, AND
ADVISE THE BAILIFF THAT YOU ARE READY TO RETURN TO THE
COURTROOM.

IF YOU FIND THE DEFENDANT GUILTY OF COUNT ONE AND/OR COUNT
TWO OF THE INDICTMENT, YOU ARE THEN TO DETERMINE THE NET WEIGHT
OF METHAMPHETAMINE FOR EACH CHARGE. YOUR DECISION AS TO THE
NET WEIGHT MUST BE UNANIMOUS AND MUST BE BEYOND A REASONABLE
DOUBT.

THE TERM "NET WEIGHT" MEANS THE WEIGHT OF THE
METHAMPHETAMINE  WITHOUT ANY PACKAGING MATERIAL. THE
GOVERNMENT DOES NOT HAVE TO PROVE THAT THE DEFENDANT KNEW THE
EXACT QUANTITY OF METHAMPHETAMINE.

**32.    COMMUNICATION WITH THE COURT**

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE THROUGH THE BAILIFF, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING, AND I WILL RESPOND TO THE JURY CONCERNING THE CASE ONLY IN WRITING, OR HERE IN OPEN COURT. IF YOU SEND OUT A QUESTION, I WILL CONSULT WITH THE LAWYERS BEFORE ANSWERING IT, WHICH MAY TAKE SOME TIME. YOU MAY CONTINUE YOUR DELIBERATIONS WHILE WAITING FOR THE ANSWER TO ANY QUESTION. REMEMBER THAT YOU ARE NOT TO TELL ANYONE—INCLUDING ME—HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF THE GUILT OF THE DEFENDANT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT OR HAVE BEEN DISCHARGED.